# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CALVIN LANDERS #417289, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:19-cv-00932 |
| MARINA CADRECHE, | ) |
| Defendant | ) |

## MEMORANDUM OPINION AND ORDER

Calvin Landers, a convicted inmate currently housed in the Northwest Correctional Complex in Tiptonville, Tennessee, has filed this *pro se* civil rights action under 42 U.S.C. § 1983 (Doc. No. 1), and an application to proceed in district court without prepaying fees and costs. (Doc No. 4.) Plaintiff has also filed a document captioned as "1983 Prisoner Civil Rights Violated By Marina Cadreche," which the Court liberally construes as a supplement to his original complaint. (Doc. No. 5.) The case is before the Court for a ruling on the application and for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## I. APPLICATION TO PROCEED AS A PAUPER

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee of $350 required by 28 U.S.C. § 1914(a). Because it is apparent from Plaintiff's submission that he lacks the funds to pay the entire filing fee in advance, his application to proceed as a pauper (Doc. No. 4) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff is nonetheless assessed the $350.00 civil filing fee. The custodian of Plaintiff's trust account is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the Warden of Northwest Correctional Complex to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

## II. INITIAL REVIEW OF THE COMPLAINT

### A. Standard for Initial Review

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to conduct an initial review of any complaint filed *in forma pauperis*, and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most

favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. Wurzelbacher v. Jones-Kelley, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." Tahfs v. Proctor, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

**B.     Allegations**

Plaintiff alleges that he complained to a doctor on May 22, 2017, about having an infection and was denied medical treatment. (Doc. No. 1 at 5.) After several more months of complaining, he asked a nurse to take a stool sample on August 17, 2017, which tested positive for an infection. (Id.)

Plaintiff also alleges that on December 1, 2017, a dermatologist prescribed him Cetirizine HCL[1] and petroleum jelly for an unspecified "serious health issue." (Doc. No. 1 at 12; Doc. No. 5 at 2.) Plaintiff was provided with those remedies on December 13 and December 15, respectively,

---

[1] The Court takes judicial notice of the common knowledge that Cetirizine HCL is a common antihistamine available over-the-counter in brands such as Zyrtec.

but in the following months his refills were sometimes delayed by 1–2 days, and once he was without Cetirizine HCL for 17 days and without petroleum jelly for 15 days. (Doc. No. 1 at 12; Doc. No. 5 at 2–3.) He characterizes this as "Marina Cadreche['s] denial of medication in a timely manner" and her "fail[ure] to refill" his medication. (Doc. No. 1 at 12; Doc. No. 5 at 2.) He identifies Cadreche as the Assistant Commissioner of Rehabilitative Services for the Tennessee Department of Correction in Nashville. (Doc. No. 1 at 2.)

Finally, Plaintiff alleges that on August 16, 2019, a dermatologist prescribed an anti-itch lotion and Dove soap for an itchy rash. (Doc. No. 5 at 4.) He says he received the lotion on August 23, but did not receive the Dove soap until September 12, "2 weeks 5 days late." (Id.) Plaintiff says that his rash causes him embarrassment and mental stress during strip searches and that he is laughed at during searches. (Id.)

Plaintiff sues Defendant Cadreche for an injunction "to fully comply with any and all medical treatment" and compensatory and punitive damages totaling $20 Million. (Doc. No. 5 at 5.)

**C.    Analysis**

Deliberate indifference to a prisoner's serious medical needs "constitutes the unnecessary and wanton infliction of pain" and violates the Eighth Amendment rights of convicted inmates or the Fourteenth Amendment rights of pretrial detainees. Ruiz v. Martin, 72 F. App'x 271, 275 (6th Cir. 2003) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)); Miller v. Calhoun Cnty., 408 F.3d 803, 812 (6th Cir. 2005) ("Although the Eighth Amendment's protections apply specifically to post-conviction inmates, the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees as well."). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even

4

a lay person would easily recognize the necessity for a doctor's attention." Villegas v. Metro. Gov't of Nashville, 709 F.3d 563, 570 (6th Cir. 2013). The "deliberate indifference" necessary to violate the constitution is a higher standard than negligence and requires that the official know of and disregard an excessive risk to the inmate. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Mere allegations of medical malpractice or negligent diagnosis and treatment do not state an Eighth Amendment claim for cruel and unusual punishment. See Estelle, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976). To prevail under those circumstances, an inmate must establish that the treatment he received was "so woefully inadequate as to amount to no treatment at all." Ruiz, 72 F. App'x at 276 (quoting Westlake, 537 F.2d at 860 n.5).

Even assuming that Plaintiff's alleged medical needs are sufficiently serious to satisfy this standard, he has failed to establish that Defendant Cadreche has known of and disregarded those needs. He identifies her as a senior official in the TDOC's headquarters in Nashville. He does not allege that she has been personally involved in his medical care or the provision of his medications. He does not even mention her in connection with his allegations about the delayed infection diagnosis or the delayed delivery of his Dove soap. Under these circumstances, he fails to allege any violation for which Cadreche could be found liable. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (requiring personal involvement in violation for individual liability under § 1983). Plaintiff presumably sues Cadreche because he believes she holds some supervisory position over those who are providing his care and treatment, but a supervising official can only be individually

liable under § 1983 where "the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." Peatross v. City of Memphis, 818 F.3d 233, 242 (6th Cir. 2016). Thus, "'at a minimum,' the plaintiff must show that the defendant 'at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'" Id. (citing Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999)). There are no such allegations in this case.

Moreover, even if Cadreche were somehow personally involved in the occasional delays in providing Plaintiff with remedies such as antihistamines, petroleum jelly, and Dove soap, Plaintiff has not alleged any facts suggesting that those occasions are the result of deliberate indifference. In the absence of any allegation that Plaintiff's condition was such that serious harm would obviously result from those mostly-brief delays and that someone deliberately delayed his remedies despite that knowledge, simply not being given prescribed medication "in a timely fashion" does not establish deliberate indifference. See Grant v. Knight, No. 1:07-CV-162-M, 2010 WL 323556, at *2 (W.D. Ky. Jan. 20, 2010) ("While Grant has broadly testified that he "didn't get [his medication]," and his wife has stated that "he was not given his prescription medication in a timely fashion, sometimes going for days without various medications," this is insufficient to present a triable question of deliberate indifference."). The complaint demonstrates that Plaintiff is receiving medical care for his ailments, including multiple visits with doctors and nurses and several remedies over the course of years. His dissatisfaction with the adequacy of that treatment does not amount to a constitutional violation.

### III.  CONCLUSION

For the reasons explained above, this action is **DISMISSED** for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. This is the final Order denying all relief in this case. Accordingly, the Clerk is **DIRECTED** to enter judgment. <u>See</u> Fed. R. Civ. P. 58(b).

Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE